By the Court.—Van Vorst, J.
The order appealed from, among other things, recites, “that the *347 court being desirous of being advised on the facts,” ordered that a referee be appointed to take the affidavits of the persons named to be used on the motion. This is only another way of stating that a question of fact had arisen on the motion. In such case the court, upon the application of either of the parties, or upon its own motion, could order a reference (Code, § 271).
Sach direction is in the interest of truth; the motion being pending, and brought on for hearing, and a conflict as to questions of fact appearing, it was proper for the judge, if he desired further to be advised of the facts, so as properly to dispose of the matter, to direct a reference to ascertain the facts.
Although all the papers are not before us, sufficient appears to indicate what the disputed facts were. They bore upon the question of the residence of the defendant, C. Brown Snyder, against whose property attachments had- been obtained, on the alleged ground of his non-residence.
The defendants had moved, upon ex parte affidavits, to set aside the attachments, and the court directed a reference, so as to be advised of the facts.
The points as to which inquiry was to be made, are fully stated in the order. They all relate to the question of the residence of the defendant.
The order is, however, defective, in directing that the affidavit of the defendant should be taken. King v. Leighton (58 N. Y. 883), is an authority to the effect, that a party to an action cannot be compelled to submit to an examination, at the instance of the adverse party, save as a general witness in the cause. The order appealed from should be modified, by striking out the direction to the referee to examine the defendant, and it is otherwise affirmed, but without costs.
Curtis, J., concurred..